**ROLF E. KROLL, ESQUIRE**
**Pa. Supreme Court I.D. No. 47243**
**MARGOLIS EDELSTEIN**
**3510 Trindle Road**
**Camp Hill, Pennsylvania 17011**
**Telephone:      [717] 975-8114   Direct Dial:  (717) 760-7502**          Attorneys for Defendant:
**Fax:             [717] 975-8124**                                                                        JOSEPH HOINSKI
**E-Mail:        rkroll@margolisedelstein.com**

---

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARLA HIMLIN | : | CASE NO. 3:10-CV-000746 |
| Plaintiff | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| JOHN JAVICK, | : | HON. WILLIAM W. CALDWELL |
| JOSEPH HOINSKI, | : | |
| KEVIN BRENNAN | : | |
| Defendants | : | JURY TRIAL DEMANDED |

### BRIEF IN SUPPORT OF MOTION TO DISMISS
### OF DEFENDANT, JOSEPH HOINSKI

## I.   FACTUAL AND PROCEDURAL HISTORY

This case was commenced by Complaint filed by Plaintiff, Karla

Himlin ("Plaintiff"), on or about April 8, 2010.  The essence of Plaintiff's

Complaint is that Plaintiff was falsely charged with the crime of disorderly conduct, 18 P.S. § 5503(a)(3). More specifically, Plaintiff claims in her Complaint that Defendant, Kevin Brennan ("Defendant Brennan"), charged Plaintiff with the summary offense of disorderly conduct following her use of "obscene language" by calling the victim a "creepy motherfucker" and "asshole" while the victim was driving down the access road. (See Plaintiff's Complaint at ¶24).

With regard to Defendant Joseph Hoinski ("Defendant Hoinski"), the references in Plaintiff's Complaint are remarkably sparse. Plaintiff pleads that following an verbal altercation involving Defendant , John Javick ("Defendant Javick"), Defendant Hoinski stopped his car by Plaintiff's pool and "exited his vehicle." (See Plaintiff's Complaint at ¶16). Plaintiff suggests that she asked Defendant Hoinski to leave and that Defendant Hoinski told her that "she didn't know who she was talking to." (See Plaintiff's Complaint at ¶18).

Plaintiff further pleads that Defendant Hoinski stated "the police will be called." (See Plaintiff's Complaint at ¶20). There is no further mention of Defendant Hoinski anywhere in Plaintiff's Complaint. Indeed, the only allegations that could potentially implicate Defendant Hoinski

are found at ¶¶28 and 29 of Plaintiff's Complaint which indicate that Defendant Brennan "discussed with the other Defendants and agreed with them that they would cite Plaintiff with disorderly conduct for the incident described herein."  (See ¶28).  Plaintiff further vaguely alleges that Defendants "conspired with one another to commit the above acts." (See ¶29).

As Plaintiff's Complaint is legally and factually deficient with regard to the allegations against Defendant Hoinski, contemporaneously herewith, Defendant Hoinski filed a Motion to Dismiss the claims asserted against him.  This Brief is offered in support of that Motion.

## II.  STATEMENT OF QUESTIONS PRESENTED

### A.  WHETHER PLAINTIFF'S CLAIMS FOR MALICIOUS PROSECUTION MUST FAIL AS A MATTER OF LAW?

**(Answer in the affirmative).**

### B.  WHETHER PLAINTIFF'S CLAIMS FOR VIOLATIONS OF HER FIRST AMENDMENT RIGHTS MUST FAIL AS A MATTER OF LAW?

**(Answer in the affirmative).**

III. **ARGUMENT**

    A. **PLAINTIFF'S CLAIMS FOR MALICIOUS PROSECUTION MUST FAIL AS A MATTER OF LAW.**

To establish a malicious prosecution claim, a plaintiff must prove:

    (1)    The defendant initiated a criminal proceeding;

    (2)    The criminal proceeding ended in plaintiff's favor;

    (3)    The proceeding was initiated without probable cause; and

    (4)    The defendant acted maliciously for purpose other than bringing the plaintiff to justice. See *Dibella v. Borough of Beachwood*, 407 F.3d 599, 601 3rd Cir. (2005).

In the instant case, Plaintiff's claims against Defendant Hoinski fail on virtually all grounds. First, there is no indication that Defendant Hoinski initiated a criminal proceeding. On the contrary, Plaintiff's own Complaint deprives Plaintiff of the opportunity to make such an argument when she candidly admits that "Defendant Brennan's citation of Plaintiff constituted a violation for Plaintiff's exercise of her First Amendment rights." (See Plaintiff's Complaint at ¶34). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted to

the first element of a malicious prosecution claim.  Second, while the criminal proceeding did end in Plaintiff's favor, Plaintiff does not plead that the criminal proceeding had anything to do with Defendant Hoinski. On the contrary, even when viewed in a light most favorable to Plaintiff, Defendant Hoinski is merely quoted as saying that the police "would be called."  (See Plaintiff's Complaint at ¶20).  Plaintiff does not even plead that Defendant Hoinski called the police himself.  Plaintiff admits that the police came, and independently "questioned both Plaintiff and Mr. Javick."  Plaintiff does not plead that the police questioned Defendant Hoinski regarding any charges to be filed against Plaintiff.  Indeed, Plaintiff pleads that "Mr. Javick was having her cited."  (¶22).

Finally, Plaintiff does not plead to the extent Defendant Hoinski played any role in the charges filed against Plaintiff, that Defendant Hoinski acted maliciously or for a purpose other than bringing Plaintiff to justice.  Accordingly, Plaintiff's claims of malicious prosecution fail both as a matter of fact and as a matter of law.

### B.    PLAINTIFF'S CLAIMS FOR VIOLATIONS OF HER FIRST AMENDMENT RIGHTS MUST FAIL AS A MATTER OF LAW.

Plaintiff asserts that her First Amendment rights were deprived by virtue of Defendant Hoinski's conduct. This allegation is contained in Count I of Plaintiff's Complaint. Plaintiff does not allege anywhere in Count I of her Complaint that any Defendant other than Defendant Brennan deprived her of her First Amendment rights. Accordingly, Plaintiff's claim in this regard must fail as a matter of law.

In order to state a claim for retaliation under the First Amendment, a plaintiff is required to allege that:

      (1)    She engaged in constitutionally protected activity;

      (2)    That the government responded with retaliation; and

      (3)    That the protected activity caused the retaliation.

See *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 282 (3rd Cir. 2004).

Our Supreme Court has long held that the First Amendment protects public speech when said speech is made:

      (1)    In the capacity of a citizen, as opposed to within the discharge of employment duties, and

      (2)    On an issue of public concern.

See *Garcetti v. Ceballos*, 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed. 2d 689 (2006). See also *Reilly v. City of Atlantic City*, 532 F.3d 216 (3rd Cir. 2008) (concluding that a police officer's court testimony regarding department protection was protected speech).

In this case, viewing the facts most favorably to Plaintiff, Plaintiff's complaints about private citizenry and her opinions regarding the character and personal characteristics of private citizens is purely a private matter and not a matter of public concern. Accordingly, the speech at issue is not protected. Therefore, on this independent ground, Plaintiff's First Amendment claims must fail as a matter of law.

## IV.  **CONCLUSION**

In light of the arguments made and authority cited herein, it is respectfully requested that this Honorable Court enter an Order dismissing all claims against Defendant, Joseph Hoinski, with prejudice.

Respectfully submitted,

MARGOLIS EDELSTEIN

Date:_____6/14/10_____    By:_____/s/ Rolf E. Kroll_____
ROLF E. KROLL, ESQUIRE
Pa. Attorney I.D. #47243
Attorneys for Defendant,
JOSEPH HOINSKI
3510 Trindle Road
Camp Hill, PA 17011
(717) 760-7502  Direct:  (717) 760-7502
Fax:  (717) 975-8124
Email: rkroll@margolisedelstein.com

## <u>PROOF OF SERVICE</u>

I, ROLF E. KROLL, ESQUIRE, hereby certify that I served a true and correct copy of the foregoing on all counsel of record VIA ELECTRONIC FILING on the 14TH day of June, 2010.

VIA EMAIL:  barry.dyller@dyllerlawfirm.com
Barry H. Dyller, Esquire
Dyller Law Firm
Gettysburg House
88 North Franklin Street
Wilkes-Barre, PA  18701-1388

VIA EMAIL:  jgd@elliottgreenleaf.com
John G. Dean, Esquire
Paula L. Radick, Esquire
Elliott Greenleaf & Dean
201 Penn Avenue, Suite 202
Scranton, PA  18503

VIA EMAIL:  PolachekLaw@epix.net
Richard A. Polachek, Esquire
Law Offices of Polachek & Associates, P.C.
22 East Union Street, Suite 600
Wilkes-Barre, PA  18701-2723

MARGOLIS EDELSTEIN

By:_____/s/ Rolf E. Kroll_____
Rolf E. Kroll, Esquire
Pa. Attorney I.D. #47243